**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, et al., | |
| Plaintiff, | |
| vs. | Civil Action No. 4:24-cv-00147-WMR |
| SHAW INDUSTRIES, INC., | |
| Defendants. | |
| And | |
| COMMERCE & INDUSTRY INSURANCE COMPANY, et al., | |
| Nominal Defendants. | |

## DEFENDANT U.S. FIRE INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF

Nominal Defendant U.S. Fire Insurance Company (hereinafter "U.S. Fire") answers the Second Amended Complaint filed by Federal Insurance Company (Doc. No. 173) as follows:

## I.      INTRODUCTON

1.      In response to the allegations contained in Paragraph 1 of the Second Amended Complaint, U.S. Fire admits that Plaintiff seeks the relief stated but denies

1

that Plaintiff is entitled to any relief inconsistent with the terms and conditions of the applicable policy(ies) of insurance issued by U.S. Fire.

2. Paragraph 2 of the Second Amended Complaint is admitted.

3. Paragraph 3 of the Second Amended Complaint is admitted.

## II. **THE PARTIES**

4. Paragraphs 4 and 5 of the Second Amended Complaint do not require any response.

5. Paragraph 6 of the Second Amended Complaint is admitted upon information and belief.

6. Paragraphs 7 and 8 of the Second Amended Complaint do not require any response.

7. Paragraph 9 of the Second Amended Complaint is admitted upon information and belief.

8. Paragraph 10 of the Second Amended Complaint is admitted upon information and belief.

9. Paragraph 11 of the Second Amended Complaint is admitted upon information and belief.

10. Paragraphs 12 and 13 of the Second Amended Complaint do not require a response.

11.     Paragraph 14 of the Second Amended Complaint is admitted upon information and belief.

12.     Paragraph 15 of the Second Amended Complaint is admitted upon information and belief.

13.     Paragraph 16 of the Second Amended Complaint does not require a response.

14.     Paragraph 17 of the Second Amended Complaint is admitted upon information and belief.

15.     In response to Paragraph 18 of the Second Amended Complaint, U.S. Fire admits it is an insurance company incorporated in Delaware with its principal place of business in New Jersey. Regarding the remaining allegations of Paragraph 18, U.S. Fire refers to the relevant policy(ies) of insurance issued by U.S. Fire, if any, which speak for themselves. To the extent any allegation asserted in Paragraph 18 is inconsistent with the provisions of any such U.S. Fire policy, those allegations are denied.

16.     Paragraph 19 of the Second Amended Complaint does not require a response.

17.     Paragraph 19A of the Second Amended Complaint does not require a response.

## III.    JURISDICTION AND VENUE

18.    Paragraph 20 of the Second Amended Complaint is admitted.

19.    Paragraph 21 of the Second Amended Complaint is admitted.

20.    Paragraph 22 of the Second Amended Complaint is admitted.

21.    Paragraph 23 of the Second Amended Complaint is admitted.

22.    Paragraph 24 of the Second Amended Complaint is admitted.

23.    Paragraph 25 of the Second Amended Complaint is admitted.

## IV.   FACTS AND BACKGROUND

### A.    SHAW CARPETING

24.    Paragraph 26 of the Second Amended Complaint is admitted upon information and belief.

25.    U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint, which are therefore denied.

26.    Paragraph 28 of the Second Amended Complaint is admitted upon information and belief.

B.      **SHAW'S RELEASE**

27.      U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 29 of the Second Amended Complaint, which are therefore denied.

28.      U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 30 of the Second Amended Complaint, which are therefore denied.

29.      U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 31 of the Second Amended Complaint, which are therefore denied.

30.      U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 32 of the Second Amended Complaint, which are therefore denied.

31.      U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 33 of the Second Amended Complaint, which are therefore denied.

32.      U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 34 of the Second Amended Complaint, which are therefore denied.

33.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 35 of the Second Amended Complaint, which are therefore denied.

34.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 36 of the Second Amended Complaint, which are therefore denied.

35.     In response to the allegations contained in Paragraph 37 of the Second Amended Complaint, U.S. Fire admits that perfluoroalkyl and polyfluoroalkyl substances are commonly referred to by the acronym PFAS. U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Second Amended Complaint, which are therefore denied.

36.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 38 of the Second Amended Complaint, which are therefore denied.

**C.     THE LAND APPLICATION SYSTEM AND SHAW'S WASTE DISPOSAL PRACTICES**

37.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 39 of the Second Amended Complaint, which are therefore denied.

6

38.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 40 of the Second Amended Complaint, which are therefore denied.

39.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 41 of the Second Amended Complaint, which are therefore denied.

40.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 42 of the Second Amended Complaint, which are therefore denied.

41.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 43 of the Second Amended Complaint, which are therefore denied.

42.     Paragraph 44 of the Second Amended Complaint is admitted upon information and belief.

43.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 45 of the Second Amended Complaint, which are therefore denied.

**D.**     <u>THE UNDERLYING ACTIONS</u>

    **i.**     **Facts Relevant To All Underlying Actions**

44.     Paragraph 46 of the Second Amended Complaint is admitted.

45.     Paragraph 47 of the Second Amended Complaint is admitted.

46.     Paragraph 48 of the Second Amended Complaint is admitted to the extent the allegations therein are consistent with the allegations asserted in the underlying actions. Otherwise, such allegations are denied.

47.     Paragraph 49 of the Second Amended Complaint is admitted to the extent the allegations therein are consistent with the allegations asserted in the underlying action. Otherwise, such allegations are denied.

48.     Paragraph 50 of the Second Amended Complaint is admitted to the extent the allegations therein are consistent with the allegations asserted in the underlying actions. Otherwise, such allegations are denied.

    **ii.**     **The Settled Underlying Actions**

49.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 51 of the Second Amended Complaint, which are therefore denied.

50.    U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 52 of the Second Amended Complaint, which are therefore denied.

51.    Paragraph 53 of the Second Amended Complaint is admitted to the extent the allegations therein are consistent with the allegations asserted in *The City of Gadsden* Complaint. Otherwise, such allegations are denied.

52.    Paragraph 54 of the Second Amended Complaint is admitted to the extent the allegations therein are consistent with the allegations asserted in *The City of Gadsden* Complaint. U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Second Amended Complaint, which are therefore denied.

53.    U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 55 of the Second Amended Complaint, which are therefore denied.

54.    U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 56 of the Second Amended Complaint, which are therefore denied.

55.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 57 of the Second Amended Complaint, which are therefore denied.

56.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 58 of the Second Amended Complaint, which are therefore denied.

57.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 59 of the Second Amended Complaint, which are therefore denied.

58.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 60 of the Second Amended Complaint, which are therefore denied.

59.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 61 of the Second Amended Complaint, which are therefore denied.

60.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 62 of the Second Amended Complaint, which are therefore denied.

61.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 63 of the Second Amended Complaint, which are therefore denied.

62.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 64 of the Second Amended Complaint, which are therefore denied.

63.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 65 of the Second Amended Complaint, which are therefore denied.

### iii.     Currently Pending Underlying Actions

64.     U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 66 of the Second Amended Complaint, which are therefore denied.

65.     Paragraph 67 of the Second Amended Complaint is admitted to the extent the allegations therein are consistent with the allegations asserted in the *Shelby Counter, Alabama and Talladega County, Alabama v. 3M Company, Inc. et al.* Complaint. U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Second Amended Complaint, which are therefore denied.

66.     Paragraph 68 of the Second Amended Complaint is admitted to the extent the allegations therein are consistent with the allegations asserted in the *Shelby Counter, Alabama and Talladega County, Alabama v. 3M Company, Inc. et al.* Complaint. U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Second Amended Complaint, which are therefore denied..

67.     Paragraph 69 of the Second Amended Complaint is admitted to the extent the allegations therein are consistent with the allegations asserted in the *Jarrod Johnson, et al. v. 3M, et al.* Complaint. U.S. Fire lacks knowledge and information necessary to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the Second Amended Complaint, which are therefore denied.

## V.     **THE POLICIES ISSUED BY FEDERAL**

68.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Second Amended Complaint, which are therefore denied.

69.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Second Amended Complaint, which are therefore denied.

12

70.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Second Amended Complaint, which are therefore denied.

71.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Second Amended Complaint, which are therefore denied.

72.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Second Amended Complaint, which are therefore denied.

73.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Second Amended Complaint, which are therefore denied.

74.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Second Amended Complaint, which are therefore denied.

75.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Second Amended Complaint, which are therefore denied.

### i. Other Federal Policies

76. U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Second Amended Complaint, which are therefore denied.

77. U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Second Amended Complaint, which are therefore denied.

78. U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Second Amended Complaint, which are therefore denied.

79. U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Second Amended Complaint, which are therefore denied.

80. Paragraph 82 of the Second Amended Complaint does not require a response.

81. Paragraph 83 of the Second Amended Complaint does not require a response.

82. Paragraph 84 of the Second Amended Complaint does not require a response.

83.     Paragraph 85 of the Second Amended Complaint does not require a response.

## VI.    POLICIES ISSUED BY NOMINAL DEFENDANT INSURERS

84.     In Response to Paragraph 86 of the Second Amended Complaint, U.S. Fire refers to the alleged policies themselves for their complete terms and conditions and denies all allegations which are inconsistent therewith.

85.     In Response to Paragraph 87 of the Second Amended Complaint, U.S. Fire admits only that Shaw has sought coverage from U.S. Fire in connection with the underlying actions. U.S. Fire lacks knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 87, and such remaining allegations are therefore denied.

86.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Second Amended Complaint, which are therefore denied.

87.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Second Amended Complaint, which are therefore denied.

88.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Second Amended Complaint, which are therefore denied.

## COUNT I
### (Declaratory Judgment as to Shaw)

89.     In response to Paragraph 91 of the Second Amended Complaint, U.S. Fire incorporates its responses above as if set forth fully verbatim herein.

90.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Second Amended Complaint, which are therefore denied.

91.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Second Amended Complaint, which are therefore denied.

92.     Paragraph 94 of the Second Amended Complaint does not require a response.

93.     Paragraph 95 of the Second Amended Complaint does not require a response.

94.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Second Amended Complaint, which are therefore denied.

95.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, including each subparagraph, of the Second Amended Complaint, which are therefore denied.

96.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, including each subparagraph, of the Second Amended Complaint, which are therefore denied.

## COUNT II
**(In the Alternative, Declaratory Judgment as to the Nominal Defendant Insurers)**

97.     In response to Paragraph 99 of the Second Amended Complaint, U.S. Fire incorporates its responses above as if set forth fully verbatim herein.

98.     The allegations contained in Paragraph 100 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, U.S. Fire refers to the alleged policy(ies) for their complete terms and conditions and denies all allegations in Paragraph 100 to the extent inconsistent therewith.  To the extent allegations contained in Paragraph 100 are directed to other nominal defendants, U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

99.     U.S. Fire lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Second Amended Complaint, which are therefore denied.

100.    The allegations contained in Paragraph 102 of the Second Amended Complaint contain prayers for relief and legal conclusions to which no response is required.   To the extent a response is deemed required, U.S. Fire denies the allegations.

101.    U.S. Fire denies that Plaintiff is entitled to the relief from U.S. Fire stated in its "Wherefore" Paragraph.

## AFFIRMATIVE DEFENSES

### FOR A FIRST AFFIRMATIVE DEFENSE

102.    The Second Amended Complaint fails to state a claim upon which relief can be granted against U.S. Fire and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

### FOR A SECOND AFFIRMATIVE DEFENSE

103.    The claims asserted in the Second Amended Complaint, as well as any insured's claims for coverage for any damages asserted in the underlying actions, are barred, in whole or in part, to the extent Plaintiff or the insured failed to institute

suit within the period of time required by any applicable statute of limitations and/or to the extent such claims otherwise may be time-barred.

## FOR A THIRD AFFIRMATIVE DEFENSE

104.   No coverage exists under any U.S. Fire policy pursuant to the terms, provisions, conditions, and exclusions of any such policy and/or any policy to which any U.S. Fire policy follows form, and/or any other underlying insurance.

## FOR A FOURTH AFFIRMATIVE DEFENSE

105.   Plaintiffs failed to join all necessary and/or indispensable parties and the Plaintiffs' claims must, therefore, be dismissed.

## FOR A FIFTH AFFIRMATIVE DEFENSE

106.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, by the doctrine of laches.

## FOR A SIXTH AFFIRMATIVE DEFENSE

107.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, by the doctrines of waiver, release, and/or estoppel.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

108.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, by the doctrine of unclean hands.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

109.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, by the doctrine of unjust enrichment.

## FOR A NINTH AFFIRMATIVE DEFENSE

110.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent coverage for any claimed loss would violate federal, state, and/or local law, statutes, regulations, or public policy.

## FOR A TENTH AFFIRMATIVE DEFENSE

111.   Plaintiff lacks standing to bring or maintain the claims asserted in its Complaint, and such claims should, therefore, be dismissed.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

112.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent the insured failed to satisfy and any all conditions precedent to coverage under any U.S. Fire policy.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

113.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent the events or property damage, bodily injury, personal injury, or other matters alleged or giving rise to the insured's alleged

liability do not constitute an "accident" or "occurrence" as those terms are used in, defined in, and/or incorporated into any U.S. Fire policy.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE

114.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent the underlying claims to not involve "bodily injury," "property damage," or "personal injury" as those terms are used and defined in any U.S. Fire policy.

## FOR A FOURTEENTH AFFIRMATIVE

115.   To the extent any amounts for which coverage is sought by Plaintiffs or any insured were paid or satisfied by a collateral or other source, the claims are barred, or alternatively, U.S. Fire is entitled to a setoff or credit.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE

116.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent that Plaintiffs or any insured failed to mitigate, minimize, or avoid any damages allegedly sustained.

## FOR A SIXTEENTH AFFIRMATIVE DEFENSE

117.   Any U.S. Fire policy may be void to the extent no insurable risk existed with respect to any claim at the time of issuance of such policy.

## FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

118.   To the extent that it is determined the insured (or its agents or representatives) misrepresented, failed to disclose, or omitted material facts regarding their acts, practices, or conditions or other material information in connection with any application for insurance or in connection with the issuance or renewal of any U.S. Fire policy or any risk assumed under any U.S. Fire policy, coverage may be barred, in whole or in part, insofar as U.S. Fire relied upon such misrepresentation or omission in issuing and/or renewing any such policy.

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

119.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent any "property damage," "bodily injury," or "personal injury" or event resulting in any allegedly covered injury or damage was expected or intended from the standpoint of any insured or was otherwise non-fortuitous.

## FOR A NINETEENTH AFFIRMATIVE DEFENSE

120.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent the alleged events and/or injuries or damages fall within the scope of any exclusion contained in, or incorporated into, any U.S. Fire policy for property damage to property owned by, occupied by, rented to, leased to, used by,

controlled by, or leased by the insured or to property within the care, custody, or control of the insured.

## FOR A TWENTIETH AFFIRMATIVE DEFENSE

121.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent they seek coverage for liability assumed by the insured under any contract or agreement, whether written or oral.

## FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

122.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent that the events or claims alleged fall within the scope of any pollution exclusion contained in, or incorporated into, any alleged U.S. Fire policy.

## FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

123.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent the insured knew or should have known of any loss, risk, condition, damage, or injury at the time any U.S. Fire policy was issued or renewed or to the extent that any loss, risk, condition, damage or injury had already commenced or was in progress on or before the inception or renewal of any U.S. Fire policy.

**FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

124.   No coverage exists, in whole or in part, because of Shaw's knowledge of the risks associated with PFAS.

**FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

125.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent any U.S. Fire policy does not provide coverage for damages to premises alienated and to the extent coverage for such damages is sought.

**FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

126.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent the insured impaired or prejudiced any right to subrogation, indemnification, or contribution that U.S. Fire has or may have had.

**FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

127.   Plaintiffs' claims and any claims by any insured for coverage may be barred or reduced to the extent the applicable limits of liability of any U.S. Fire policy have been exhausted or impaired.

**FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

128.   If any U.S. Fire policy is deemed to respond to any claim, which is denied, proper allocation of the loss or damage between U.S. Fire, Plaintiff, the insured, and other insurers is required, in accordance with the terms of any such U.S.

Fire policy. Such allocation may result in no sums being allocated to any U.S. Fire policy.

## FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

129.   U.S. Fire has no duty to defend Shaw in connection with any of the underlying claims under the terms of any U.S. Fire policy.

## FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

130.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent the underlying claims arise from the insured's conduct in express disregard of its legal obligations under state, federal, or local laws and regulations.

## FOR A THIRTIETH AFFIRMATIVE DEFENSE

131.   Plaintiff or any other party seeking coverage under any U.S. Fire policy bears the burden of establishing the issuance, terms and conditions of such alleged policy.

## FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

132.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent coverage is sought for punitive or exemplary damages, fines, penalties, costs, or fees.

### FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

133.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent they seek coverage for expenditures, liabilities, and obligations that do not constitute "bodily injury," "personal injury," or "property damage" as used in, defined in, or incorporated into the U.S. Fire policy(ies).

### FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

134.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent the insured failed to provide timely and proper notice of any alleged accident(s) or occurrence(s) and/or failed to provide the timely and proper notice of any claim or suit instituted as required by any U.S. Fire policy as a condition precedent to coverage and/or failed to comply with any obligations in or incorporated into any U.S. Fire policy( requiring the insured to immediately forward every demand, claim, notice, summons or other process received by it.

### FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

135.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent the insured may have failed to perform fully all of the obligations under any U.S. Fire policy or to comply fully with the terms, obligations, and conditions of any U.S. Fire policy.

26

## FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

136.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent the insured may have failed to cooperate with U.S. Fire as required by any U.S. Fire policy.

## FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

137.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent they seek reimbursement for expenditures, liabilities, and obligations that do not constitute "damages" within the meaning of that term as used in, or incorporated into, any U.S. Fire policy, including, without limitation, reimbursement of remedial costs, clean-up costs, or other costs incurred in complying with or seeking to avoid an injunction or equitable order or action, or any claim that seeks costs associated with complying with federal, state, or local rules, regulations, ordinances, or laws.

## FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

138.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent that any alleged bodily injury, property damage, and/or personal injury for which coverage is sought did not occur within the policy period(s) of any U.S. Fire policy.

### FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

139.   Plaintiffs' claims and any claims by any insured for coverage may be barred to the extent any insured seeks coverage under any U.S. Fire policy in place of other insurance, which is or becomes invalid, uncollectable, or otherwise unavailable due to the insolvency of other insurers or as a result of the acts of the insured.

### FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

140.   Coverage under any U.S. Fire policy extends only to persons or entities qualifying as "insureds" as the term is used and/or defined by or incorporated into the U.S. Fire policy.

### FOR A FORTIETH AFFIRMATIVE DEFENSE

141.   If any U.S. Fire Policy is applicable to any loss, which is denied, the policy is excess insurance and/or applies over a self-insured retention and/or underlying insurance. No coverage is available unless and until the applicable limits of any underlying insurance or self-insured retention have been fully and properly exhausted in accordance with the terms and conditions of any U.S. Fire policy.

### FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

142.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent the Plaintiffs or any insured voluntarily paid

or assumed an obligation to pay or incurred any expense without notice to U.S. Fire or to the extent Plaintiffs and/or any insured did not receive U.S. Fire's consent or approval.

### FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

143.   Plaintiffs' claims and any claims by any insured for coverage may be barred, in whole or in part, to the extent any amounts paid or to be paid by Plaintiffs and/or any insured, including settlement entered by an insured in connection with the underlying claims, was unreasonable, imprudent, excessive, or unjustified.

### FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

144.   U.S. Fire asserts all applicable defenses asserted by any of the other insurer defendants in this action.

### FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

145.   U.S. Fire expressly reserves the right to assert additional defenses upon further discovery of Plaintiff's claims, upon discovery of the provisions, terms, conditions, and exclusions of any policy under which any insured is allegedly entitled to coverage, upon discovery of further information concerning the underlying claims, and upon any other development of any other pertinent information.

## PRAYER

WHEREFORE, U.S. Fire respectfully requests Plaintiffs take nothing by their Complaint and the Court enter judgment:

A.   declaring that U.S. Fire has no coverage obligation to Plaintiffs, Shaw, or any other persons or entities in connection with the claims set forth in the underlying complaints against Shaw Industries;

B.   Dismissing Plaintiffs' claims against U.S. Fire with prejudice; and

C.   Awarding U.S. Fire such further relief as the Court deems appropriate and just.

Respectfully submitted, this 13th day of November, 2024.

**LUEDER, LARKIN & HUNTER, LLC**

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
3348 Peachtree Road, NE
Suite 1050
Atlanta, Georgia 30326
Tel./Fax: (770) 854-1044
jpridgeon@luederlaw.com
*Attorneys for U.S. Fire Insurance Company*

[Signatures continue on following page]

**MURPHY & GRANTLAND, P.A.**

*/s/ Wesley B. Sawyer*
WESLEY B. SAWYER (*pro hac vice*)
Federal ID: 11244
*Attorneys for U.S. Fire Insurance Company*
P.O. Box 6648
Columbia, SC 29260
Tel: 803-782-4100
Fax: 803-782-4140
wsawyer@murphygrantland.com

## <u>CERTIFICATION OF COMPLIANCE</u>

The Undersigned Counsel hereby certifies that the foregoing has been prepared using Times New Roman 14-Point Font, as approved in LR 5.1C.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served, upon all attorneys to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record as follows:

Michael J. Baughman, Esq.
Christopher Hemphill, Esq.
Cohn Baughman
525 W. Monroe St.
Suite 1500
Chicago, IL 60661
(michael.baughman@mclolaw.com)
(christopher.hemphill@mclolaw.com)

Kenneth W. Boyles, Jr, Esq.
Phelps Dunbar, LLP
2025 3rd Avenue North
Suite 1000
Birmingham, AL 35203
(Kenneth.boyles@phelps.com)

Christy M. Maple, Esq.
4141 Parklake Avenue, Suite 530
Raleigh, NC 27612
(christy.maple@phelps.com)

Daryl Glenn Clarida, Esq.
Hall, Bloch, Garland & Meyer, LLP
900 Circle 75 Parkway, Suite 500
Atlanta, GA 30339
(DarylClarida@hbgm.com)

Lee Malcolm Gillis, Jr., Esq.
Hall, Bloch, Garland & Meyer, LLP
Post Office Box 5088
Macon, GA 31208
(leegillis@hbgm.com)

Shattuck Ely, Esq.
John Alexander Prescott, Esq.
Fellows LaBriola, LLP
233 Peachtree Street, NE, Suite 2400
Atlanta, GA 30303
(tely@fellab.com)
(aprescott@fellab.com)

Christopher C. Frost, Esq.
Edward M. Holt, Esq.
Zachery L. Gillespie, Esq.
Maynard Nexsen, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
(cfrost@maynardnexsen.com)
(tholt@maynardnexsen.com)
(zach.gillespie@law.ua.edu)

Joel Scott Isenberg, Esq.
Porterfield, Harper, Mills, Motlow & Ireland, P.A.
22 Inverness Center Parkway
Suite 600
Birmingham, AL 35242
(joel@phm-law.com)

John W. Johnson, II, Esq.
Christian & Small LLP
1800 Financial Center
505 North 20th Street, Suite 1800
Birmingham, AL 35203
(jwj@csattorneys.com)

Adam J. Kaiser, Esq.
Alexander S. Lorenzo, Esq.
Alston & Bird, LLP
90 Park Avenue
15th Floor
New York, NY 10016-1387
(adam.kaiser@alston.com)
(alexander.lorenzo@alston.com)

Tejas Patel, Esq.
Alston & Bird, LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
(tejas.patel@alston.com)
Michael A. Valerio, Esq.
Alston & Bird, LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
(michael.valerio@alston.com)

Edward B. Parks, II, Esq.
Annette P. Rolain, Esq.
Ruggeri Parks Weinberg, LLP
1875 K Street NW, Suite 600
Washington, DC 20006
(eparks@goodwin.com)
(arolain@ruggerilaw.com)

34

Nicholas John Pieschel, Esq.
Moorman Pieschel, LLC
1819 Peachtree RD NE, Suite 406
Atlanta, GA 30309
(njp@moormanpieschel.com)

Scott Meyers Salter, Esq.
Starnes Davis Florie, LLP
P.O. Box 598512
Seventh Floor
100 Brookwood Place
Birmingham, AL 35259
(ssalter@starneslaw.com)

Respectfully submitted, this 13th day of November, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
*Attorneys for U.S. Fire Insurance Company*

3348 Peachtree Road, NE
Suite 1050
Atlanta, GA 30326
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com